MARLIS PARK, P.C.
Brent P. Marlis SB# 284654
  E-Mail: brent@marlispark.com
Young K. Park SB# 287589
  E-Mail: young@marlispark.com
3600 Wilshire Boulevard, Suite 1815
Los Angeles, CA 90010
Tel: 323-922-2000
Fax: 323-922-2000

Attorneys for Plaintiff,
MARKITTA STAFFORD

FILED
Superior Court of California
County of Riverside
6/11/2020
L. Melendrez
Electronically Filed

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| MARKITTA STAFFORD, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> FEDEX CORPORATE SERVICES, INC., a Corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: **RIC2001626** <br><br> **COMPLAINT FOR DAMAGES** <br><br> (1) DISABILITY DISCRIMINATION <br> (2) FAILURE TO ACCOMMODATE DISABILITY <br> (3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS <br> (4) WRONGFUL TERMINATION <br><br> **DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS

1. Plaintiff MARKITTA STAFFORD (hereinafter "STAFFORD") is an individual residing in the State of California. Plaintiff STAFFORD was an employee of Defendants FEDEX CORPORATE SERVICES, INC. at all relevant times herein mentioned.

2. On information and belief, Defendant FEDEX CORPORATE SERVICES (hereinafter "FEDEX") is a Delaware corporation, duly authorized to conduct business in the State of California.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 50, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint by inserting the true names and capacities of each such Defendant, with appropriate charging allegations, when they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as "DOE" is responsible in some manner for the injuries suffered by Plaintiff and for damages proximately caused by the conduct of each such Defendant as herein alleged.

4. Plaintiff is informed and believes and thereon alleges that at all relevant times Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and/or agents, and are liable for the wrongful conduct of its employees and/or agents as alleged herein.

5. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, each defendant was an alter-ego of each and every other defendant. Unity of interest and ownership existed such that the separate personalities each of defendant never existed or ceased to exist. Further, if the acts are treated as those of one of the defendants alone, an inequitable result will follow. Accordingly, Plaintiff alleges that each defendant was an alter-ego of each and every other defendant and vice versa.

6. By way of this lawsuit, Plaintiff seeks to pierce the corporate veil and hold individual defendant liable for the acts of his alter ego. Individual defendant held and now holds substantial interest in corporate defendants and should therefore be deemed to be corporate

- 2 -
COMPLAINT FOR DAMAGES

defendants' alter ego. Corporate defendants were, and now still are, mere shells and naked frameworks which individual defendant used, and now uses, as a conduit for the conduct of his personal business and/or property affairs and/or obligor for the assumption of obligations and/or liabilities incapable of performance by said corporate and/or entity defendants, which are the obligations and liabilities of individual defendant.

7. Plaintiff is informed, believes, and thereon alleges that Defendants are joint employers pursuant to California Labor Code section 2810.3. In addition, Defendants are joint employers because each exercised sufficient control over the terms and conditions of Plaintiff's work.

8. This Court possess original subject matter jurisdiction over this matter. Venue is proper in this judicial district because the Defendants employed Plaintiff in this judicial district and the complained of conduct occurred in this judicial district.

9. Plaintiff is informed and believes and thereon alleges that at all times material herein Defendants employed and continue to employ five (5) or more persons in California and is an employer covered by the Fair Employment and Housing Act ("FEHA") and the California Labor Code.

10. Plaintiff has exhausted her administrative remedies. Plaintiff timely filed charges against Defendants with the California Department of Fair Employment and Housing on April 3, 2020 and received a "Right-to-Sue" notice as to Defendants.

## FACTUAL ALLEGATIONS

11. STAFFORD started working as an inside sales account executive for Defendants in October 2016 in Dallas, Texas. On or around November 16, 2018, she was promoted to Market Development Account Executive and relocated to Chino Hills, California where she worked until her unlawful termination or around March 16, 2020.

12. In the summer of 2019, Plaintiff began inquiring about the possibility of being released from her time commit for her relocation to southern California. The time commit expired November 16, 2019, but Plaintiff wanted to leave early so that she could take care of family in Dallas.

13. On or around July 17, 2019, Plaintiff e-mailed her manager Monique Neuchterlein asking to be released. The response Plaintiff received was that Monique would look into it and would have to discuss with Jamie Mason (hereinafter "Mason"), the director with authority. Plaintiff wanted to remain employed by Defendants and offered to repay the relocation fee so that she could return to Dallas early. Mason seemed receptive to the idea initially, but ultimately told Plaintiff that she could not be released from her time commit.

14. Beginning in early 2020, Plaintiff started experiencing overwhelming stress in her personal life. On or around January 13, Plaintiff met with Mason and discussed take a stress leave of absence.

15. On or around January 15, Plaintiff texted Mason to inform her that her doctor placed her off work until March 16. Plaintiff sent Mason a picture of her doctor's note dated January 15, 2020. Mason advised Plaintiff that she would provide her with FMLA information to ensure that she was paid correctly. Mason also said that Plaintiff would be taken out of the system.

16. On or around January 16, Plaintiff contacted The Hartford to open her FMLA and short-term disability claim.

17. On or around January 21, Plaintiff texted Mason from her work phone to inform her that The Hartford was waiting for Defendants to update the system to reflect the last day of work so that information could be provided to her doctor for the short term disability claim.

18. On or around January 29, Plaintiff received a letter approving her claim for leave dates January 16, through March 16, 2020.

19. On or around February 24, Mason texted Plaintiff's work phone stating that she was getting messages from FMLA requesting additional paperwork for Plaintiff to continue her leave. Mason also asked if she was planning to return March 16. Plaintiff did not see this text until after her termination because her work phone was in a drawer.

20. On or around March 6, a Friday, Plaintiff received a missed call on her personal cell phone from Mason. No voicemail was left.

21. The following Monday, March 9, Plaintiff texted Mason. She stated that she missed her call on March 6 because she was taking a nap and that she thought her return to work date would be pushed back.

22. On or around March 11, Plaintiff had a doctor's appointment and an extension of leave was approved.

23. On or around March 16, Plaintiff texted Mason to inform her that her doctor extended her leave for an additional 4 weeks. Shockingly, Mason responded that Plaintiff's employment was terminated over a week ago. The conversation was continued over the phone where Mason stated that she was in fact not out on approved FMLA leave and that Plaintiff was mistaken.

24. On or around March 18, Mason and Plaintiff spoke over the phone. The stated reasons for termination was that Plaintiff did not report her laptop lost and that she did not keep in contact with Defendants while on leave. However, Plaintiff in fact kept in contact with Defendants constantly during her leave. Plaintiff was unaware that her work laptop was not in her possession and did not think to check because she did not have access to login while on leave. She only learned that it was missing when Mason informed her that it had been recovered from the lost and found.

25. Plaintiff responded that she spoke with The Hartford and was told that they sent Defendants an e-mail on January 29 stating that her leave was approved. Mason replied that Plaintiff was on short-term disability and not on FMLA leave. Mason seemed confused and then proceeded to tell Plaintiff that she was unable to appeal her termination internally and that should not be sending a termination letter.

### FIRST CAUSE OF ACTION
### DISABILITY DISCRIMINATION
[Govt. Code § 12940(a), et seq.]
(Against All Defendants)

26. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

-5-

27. At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"), Government Code § 12940, et seq., was in full force and effect and binding on Defendants. These statutes make it unlawful to discriminate against an employee on-the-basis of a physical or mental disability.

28. Defendant discriminated against Plaintiff on-the-basis of her disability by terminating her employment while on FMLA leave.

29. Defendants' conduct, as alleged, violated the FEHA, Government Code section 12940(a), *et seq.*, and Defendants committed unlawful employment practices, including by the following, separate bases for liability:

   a. Barring, discharging, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against Plaintiff, in whole or in part on the basis of Plaintiff's age, in violation of Government Code section 12940(a);

   b. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on disability in violation of Government Code section 12940(k)

30. As a proximate result of Defendants' willful, knowing and intentional discrimination of Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

31. As a proximate result of Defendants' willful, knowing and intentional discrimination of Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

32. Plaintiff is informed and believes and thereon alleges that Defendants' actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were carried out by Defendants' managing agents and/or ratified by Defendants. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial as well as attorneys' fees.

## SECOND CAUSE OF ACTION
## FAILURE TO ACCOMMODATE DISABILITY
[Govt. Code § 12940(m)]

(Against All Defendants)

33. Plaintiff re-alleges each and every paragraph of this Complaint as though fully set forth herein.

34. Under the FEHA, Defendants are required to engage in a timely, good faith, interactive process with an employee it believes has a disability or who, in fact, has a disability, to determine if that employee needs reasonable accommodations to perform the job.

35. By engaging in the course of conduct as alleged above, Defendants failed to provide Plaintiff with reasonable accommodations and it failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations to the extent she needed them in violation of the applicable provisions of Government Code §§ 12940, *et seq*.

36. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiff's disabilities, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

37. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiff's disabilities, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her der damage in a sum according to proof. Plaintiff is further entitled to recover attorneys' fees pursuant to the provisions of Government Code §§ 12940, *et seq*.

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

[California Government Code § 12940(n)]

(Against All Defendants)

38. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

39. As described herein, Defendants failed to engage in a good-faith interactive process with Plaintiff to determine wither it would be possible to implement effective reasonable accommodations.

40. As a proximate result of Defendant's failure to engage in a good-faith interactive process, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits. Plaintiff has further suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

41. Plaintiff is further entitled to recovery attorneys' fees pursuant to the provision of Government Code § 12940, et seq.

## FOURTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against All Defendants)

42. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

43. As described herein, Plaintiff's employment was terminated in violation of the fundamental public policies of the State of California including those set out in the California Fair Employment and Housing Act and the California Labor Code. Specifically, Plaintiff's employment was terminated in violation of the FEHA as described here.

44. As a direct and foreseeable result of the aforesaid acts of Defendants, Plaintiff lost and will continue to lose income and other benefits in an amount to be proven at trial. Plaintiff seeks back pay, front pay, and all other appropriate remedies. Plaintiff also incurred attorneys' fees and thereby claims such amount as damages, together with pre-judgment interest.

45. Because the acts taken toward Plaintiff by Defendant were deliberate, malicious and undertaken to injure Plaintiff, Plaintiff requests an assessment of punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(a) For general, special, compensatory damages;

(b) For exemplary and punitive damages;

(c) For emotional distress damages;

(d) For reasonable attorneys' fees;

(e) For pre-judgment and post-judgment interest at the maximum legal rate;

- 8 -
COMPLAINT FOR DAMAGES

(f) For costs of suit incurred;

(g) For such other and further relief as the Court deems just and proper.

DATED: June 11, 2020

MARLIS PARK, P.C.

By: _____
Brent P. Marlis
Young K. Park
Attorneys for Plaintiff,
MARKITTA STAFFORD